IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL E. MITCHELL and | ) | |
| ANNA L. MITCHELL, | ) | Case No. 06-10143 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| DAVID SMITH and | ) | |
| BRENDA K. SMITH, | ) | Case No. 06-10159 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| GRACIE SMITH CURRY, | ) | Case No. 06-10236 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

These matters came before the Court for hearing on April 13, 2006 upon Motions by the
Bankruptcy Administrator for entry of a Show Cause Order directing Attorney C. Orville Light to
appear and show cause why he should not be held in contempt for violating Court orders and
why he should not be disbarred from the practice of law before this Court (the "Show Cause
Motions") filed in the Mitchell and Smith cases on February 24, 2006 and in the Curry case on
March 10, 2006.  This Court entered Show Cause Orders in the Mitchell and Smith cases on
February 28, 2006 and in the Curry case on March 10, 2006.  The matters were consolidated and
heard together at the April 13, 2006 hearing.

At the hearing, Michael D. West and Sarah Bruce appeared on behalf of the Bankruptcy
Administrator and C. Orville Light ("Light") appeared on his own behalf.

Based upon a review of the Show Cause Motions, the Show Cause Orders, the testimony and arguments presented at the hearing, and a review of the entire official file, the Court makes the following Findings of Fact and Conclusions of Law.

## I.  PROCEDURAL HISTORY and FACTS

The matters that led to the current Show Cause Motions and Show Cause Orders involve several bankruptcy cases filed by Light in this Court.  A pertinent history of each will be discussed.

### A.  Judge Stocks' Cases

#### 1.  In re Warren, Case No. 05-14476

Derrick E. Warren filed a Chapter 7 bankruptcy petition on November 26, 2005 (the "Warren Case").  There were numerous mistakes made by Light in the Warren Case.  The Debtor did not file bankruptcy schedules in accordance with Bankruptcy Rule 1007.  When the schedules were filed, they "contained such a degree of lack of information and inconsistencies that they rendered themselves incomprehensible."  See Motion in Aid of Administration Requesting Alternate Relief for the Trustee (December 20, 2005) (the " Motion in Aid of Administration").  Charles M. Ivey, III, the appointed Chapter 7 Trustee (the "Trustee"), was unable to perform his trustee duties based on the schedules filed, and he filed a Motion in Aid of Administration Requesting Alternate Relief for the Trustee.  The Motion in Aid of Administration resulted in Light being sanctioned by Chief Judge William B. Stocks ("Judge Stocks").  Light was ordered to pay the Trustee $190.00 per hour for the Trustee's time spent on the case and $75.00 per hour for paralegal time spent on the case for a total of $693.26 by February 28, 2006.  See Memorandum/Opinion at 8 (February 21, 2006).  Failure to pay the

2

monetary sanctions and to file a certificate with the Court demonstrating such payment would result in Light being barred from filing future petitions in this Court until he complied with the Order. See Court Hearing Notes (February 7, 2006). Light failed to comply with the terms of the Order and did not file any certificate with the Court until he filed an Affidavit of Compensation Paid showing that Light had paid the Trustee on March 22, 2006.

The filing of the Warren Case was further deficient in that the Debtor did not obtain pre-petition credit counseling pursuant to Section 521(b) and Section 109(h) of the Bankruptcy Code. As a result, the Warren Case was dismissed on January 19, 2006. See Order Dismissing Case at 3 (January 19, 2006). Due to Light's poor legal representation of his client in the case, Light was ordered to refund to the Debtor all attorney fees received from the Debtor and to file a certificate with the Court evidencing such payment. If Light failed to comply with the Order, then he would be barred from practice before this Court until he had complied with the Order. See id. Light failed to comply with the terms of the Order and did not file any certificate with the Court until he filed an Affidavit showing that he had paid the Debtor on March 13, 2006.

At the hearing, Light testified that he had refunded all attorney fees and filing fees to the Debtor, and he introduced into evidence a copy of a non-negotiated check written from C. Orville Light Attorney at Law to Derrick Warren for $1,509.00 on February 3, 2006.

### 2. In re Lafemina, Case No. 05-14474

Mary Beth E. Lafemina filed a Chapter 7 bankruptcy petition on November 26, 2005 (the "Lafemina Case"). There were numerous mistakes made by Light in the Lafemina Case. The Debtor did not file bankruptcy schedules in accordance with Bankruptcy Rule 1007. When the schedules were filed, they "contained such a degree of lack of information and inconsistencies

3

that they rendered themselves incomprehensible." See Motion in Aid of Administration
Requesting Alternate Relief for the Trustee at 1 (December 20, 2005) (the " Motion in Aid of
Administration").  The Trustee was unable to perform his trustee duties based on the schedules
filed, and he filed a Motion in Aid of Administration Requesting Alternate Relief for the Trustee.
This Motion in Aid of Administration resulted in Light being sanctioned by Judge Stocks.  Light
was ordered to pay the Trustee $190.00 per hour for the Trustee's time spent on the case and
$75.00 per hour for paralegal time spent on the case for a total of $674.26 by February 28, 2006.
See Order Directing Light to Pay Trustee Charles M. Ivey, III the sum of $674.26 at 1 (February
24, 2006).  Failure to pay the monetary sanctions and to file a certificate with the Court
demonstrating such payment would result in Light being barred from filing future petitions in this
Court. See id.  Light failed to comply with the terms of the Order and did not file any certificate
with the Court until he filed an Affidavit of Compensation Paid showing that Light had paid the
Trustee on March 22, 2006.

The filing of the Lafemina Case was further deficient in that the Debtor did not obtain
pre-petition credit counseling as provided by Section 521(b) and Section 109(h) of the
Bankruptcy Code.  As a result, the Lafemina Case was dismissed on January 19, 2006.  See
Order Dismissing Case at 3 (January 19, 2006).  Due to Light's poor legal representation of his
client in the case, Light was ordered to refund to the Debtor all attorney fees received from the
Debtor and to file a certificate with the Court evidencing such payment.  If Light failed to comply
with the Order, then he would be barred from practice before this Court until he had complied
with the Order.  See id.  Light failed to comply with the terms of the Order and did not file any
certificate with the Court until he filed an Affidavit showing that he had paid the Debtor on

4

March 13, 2006.

At the hearing, Light testified that he had refunded all attorney fees and filing fees to the Debtor, and he introduced into evidence a copy of a check written from C. Orville Light Attorney at Law to Mary Beth Lafemina for $1,200.00 on January 19, 2006.  The back of the check appears to be endorsed by Ms. Lafemina, and beneath her signature is written "paid by cash 1/20/06."  Light testified that Ms. Lafemina asked for cash instead of a check and that he paid her cash and kept the endorsed check as proof of payment.

### 3. <u>In re Kisinger</u>, Case No. 05-14494

Michael L. Kisinger filed a Chapter 7 bankruptcy petition on December 1, 2005 (the "Kisinger Case").  As in the Warren Case and the Lafemina Case, there were similar numerous mistakes made by Light in the Kisinger Case.  The Debtor did not file bankruptcy schedules in accordance with Bankruptcy Rule 1007.  When the schedules were filed, they "contained such a degree of lack of information and inconsistencies that they rendered themselves incomprehensible."  <u>See</u> Motion in Aid of Administration Requesting Alternate Relief for the Trustee at 1 (December 20, 2005) (the " Motion in Aid of Administration").  The Trustee was unable to perform his trustee duties based on the schedules filed, and he filed a Motion in Aid of Administration Requesting Alternate Relief for the Trustee.  This Motion in Aid of Administration resulted in Light being sanctioned by Judge Stocks.  Light was ordered to pay the Trustee $190.00 per hour for the Trustee's time spent on the case and $75.00 per hour for paralegal time spent on the case for a total of $655.26 by February 28, 2006.  <u>See</u> Memorandum/Opinion at 8 (February 21, 2006).  Failure to pay the monetary sanctions and to file a certificate with the Court demonstrating such payment would result in Light being barred

from filing future petitions in this Court.  See id.  Light failed to comply with the terms of the

Order and did not file any certificate with the Court until he filed an Affidavit of Compensation

Paid showing that Light had paid the Trustee on March 22, 2006.

The filing of the Kisinger Case was further deficient in that the Debtor did not obtain pre-

petition credit counseling as provided by Section 521(b) and Section 109(h) of the Bankruptcy

Code.  As a result, the Kisinger Case was dismissed on January 19, 2006.  See Order Dismissing

Case at 3 (January 19, 2006).  Due to Light's poor legal representation of his client in the case,

Light was ordered to refund to the Debtor all attorney fees received from the Debtor and to file a

certificate with the Court evidencing such payment.  If Light failed to comply with the Order,

then he would be barred from practice before this Court until he had complied with the Order.

See id.  Light failed to comply with the terms of the Order and did not file any certificate with the

Court until he filed an Affidavit showing that he had paid the Debtor on March 13, 2006.

### B.  This Court's Cases

#### 1.  In re Wilson, Case No. 05-14465

Larry D. Wilson and Leslie D. Wilson filed a Chapter 7 bankruptcy petition on November

21, 2005 (the "Wilson Case").  There were numerous mistakes made by Light in the Wilson

Case.  The Debtor did not file bankruptcy schedules in accordance with Bankruptcy Rule 1007.

When the schedules were filed, they "contained such a degree of lack of information and

inconsistencies that they rendered themselves incomprehensible."  See Motion in Aid of

Administration Requesting Alternate Relief for the Trustee at 1 (December 19, 2005) (the "

Motion in Aid of Administration").  The Trustee was unable to perform his trustee duties based

on the schedules filed, and he filed a Motion in Aid of Administration Requesting Alternate

Relief for the Trustee.  This Motion in Aid of Administration resulted in Light being sanctioned under Rule 9011 by the Court.  Light was ordered to pay, by February 28, 2006, $200.00 to the Trustee as a civil sanction, one-half of the attorney fees to the Debtors, and all filing fees to the Debtors.  See Order Issuing Sanctions Pursuant to Rule 9011 at 2 (February 22, 2006).  Light failed to comply with the terms of the Order and did not file any certificate with the Court until he filed an Affidavit of Compensation Paid showing that Light had paid the Debtors on March 13, 2006.

The filing of the Wilson Case was further deficient in that the Debtor did not obtain pre-petition credit counseling as provided by Section 521(b) and Section 109(h) of the Bankruptcy Code.  As a result, the Wilson Case was dismissed on February 17, 2006.  See Order Dismissing Case at 1 (February17, 2006).

### 2. In re Stowe, Case No. 05-14477

Rachel K. Stowe filed a Chapter 7 bankruptcy petition on November 26, 2005 (the "Stowe Case").  There were numerous mistakes made by Light in the Stowe Case.  The Debtor did not file bankruptcy schedules in accordance with Bankruptcy Rule 1007.  When the schedules were filed, they "contained such a degree of lack of information and inconsistencies that they rendered themselves incomprehensible."  See Motion in Aid of Administration Requesting Alternate Relief for the Trustee at 1 (December 20, 2005) (the " Motion in Aid of Administration").  The Trustee was unable to perform his trustee duties based on the schedules filed, and filed a Motion in Aid of Administration Requesting Alternate Relief for the Trustee. This Motion in Aid of Administration resulted in Light being sanctioned under Rule 9011.  Light was ordered to pay the Trustee $816.76 by March 17, 2006, pay a $200.00 civil fine to the Court

by January 29, 2006, and reimburse the attorneys' fees paid by the Debtor by January 29, 2006.

See Order Issuing Sanctions Pursuant to Rule 9011 at 2 (January 19, 2006).  Light failed to

comply with the terms of the Order and did not file any certificate with the Court until he filed an

Affidavit of Compensation Paid to Trustee on March 22, 2006 and an Affidavit of Compensation

Paid showing that the Debtor had not paid any fees to Light for the filing of this case on April 12,

2006.  Light paid the $200.00 civil fine to the Court on March 17, 2006.[1]

The filing of the Stowe Case was further deficient in that the Debtor did not obtain pre-

petition credit counseling as required by Section 521(b) and Section 109(h) of the Bankruptcy

Code.  As a result, the Stowe Case was dismissed on January 19, 2006.  See Order Dismissing

Case at 1 (January19, 2006).

### 3.  In re Tucker, Case No. 05-14475

Phillip Tucker and Gail H. Tucker filed a Chapter 7 bankruptcy petition on November 26,

2005 (the "Tucker Case").  There were numerous mistakes made by Light in the Tucker Case.

The Debtors did not file bankruptcy schedules in accordance with Bankruptcy Rule 1007.  When

the schedules were filed, they "contained such a degree of lack of information and

inconsistencies that they rendered themselves incomprehensible."  See Motion in Aid of

Administration Requesting Alternate Relief for the Trustee at 1 (December 20, 2005) (the

"Motion in Aid of Administration").  The Trustee was unable to perform his trustee duties based

on the schedules filed, and he filed a Motion in Aid of Administration Requesting Alternate

---

[1]At the hearing, Light introduced an Affidavit into evidence that says that Ms. Stowe did not pay Light to file this case.  According to Light, the Stowe petition was filed in error when he and/or his staff was attempting to learn how to file cases electronically.

Relief for the Trustee. This Motion in Aid of Administration resulted in Light being sanctioned under Rule 9011. Light was ordered to pay the Trustee $864.26 by March 13, 2006, pay a $200.00 civil fine to the Court by January 29, 2006, and to reimburse the attorneys' fees paid by the Debtor by January 29, 2006. See Order Issuing Sanctions Pursuant to Rule 9011 at 5 (January 19, 2006). Light failed to comply with the terms of the Order and did not file any certificate with the Court until he filed an Affidavit of Compensation Paid to Trustee on March 22, 2006 and an Affidavit of Compensation Paid showing that Light had paid the Debtors on March 13, 2006. Light paid the $200.00 civil fine to the Court on March 17, 2006.

The filing of the Tucker Case was further deficient in that the Debtor did not obtain pre-petition credit counseling as provided by Section 521(b) and Section 109(h) of the Bankruptcy Code. As a result, the Tucker Case was dismissed on January 19, 2006. See Order Dismissing Case at 1 (January19, 2006).

At the hearing, Light testified that he had refunded all attorney fees and filing fees to the Debtor, and he produced a copy of a non-negotiated check written from C. Orville Light Attorney at Law to Gail Tucker for $1,520.00 on February 24, 2006.

#### 4. In re Purcell, Case No. 05-14473

Fannie Purcell and Vernon Purcell filed a Chapter 7 bankruptcy petition on November 26, 2005 (the "Purcell Case"). There were numerous mistakes made by Light in the Purcell Case. The Debtors did not file bankruptcy schedules in accordance with Bankruptcy Rule 1007. When the schedules were filed, they "contained such a degree of lack of information and inconsistencies that they rendered themselves incomprehensible." See Motion in Aid of Administration Requesting Alternate Relief for the Trustee at 1 (December 20, 2005) (the

9

"Motion in Aid of Administration").  The Trustee was unable to perform his trustee duties based on the schedules filed, and filed a Motion in Aid of Administration Requesting Alternate Relief for the Trustee.  The Motion in Aid of Administration resulted in Light being sanctioned under Rule 9011.  Light was ordered to pay a $200.00 civil fine to the Court by March 6, 2006, and to reimburse attorneys' fees to the Debtors by March 6, 2006.  See Order Issuing Sanctions Pursuant to Rule 9011 at 4 (February 22, 2006).  Light failed to comply with the terms of the Order and did not file any certificate with the Court until he filed an Affidavit of Compensation Paid showing that Light had paid the Debtors on March 13, 2006.  Light paid the $200.00 civil fine to the Court on March 17, 2006.

The filing of the Purcell Case was further deficient in that the Debtor did not obtain pre-petition credit counseling as provided by Section 521(b) and Section 109(h) of the Bankruptcy Code.  As a result, the Purcell Case was dismissed on January 27, 2006.  See Order Dismissing Case at 1 (January27, 2006).

At the hearing, Light testified that he had refunded all attorney fees and filing fees to the Debtor, and he produced a statement on letterhead of C. Orville Light Attorney at Law that purports to be written by Fannie R. Purcell.  Te statement indicates that Ms. Purcell was paid $1,409.00 on January 27, 2006.

### C.  Current Cases

#### 1.  In re Mitchell, Case No. 06-10143

Light filed a Chapter 13 petition in this Court on behalf of Michael E. Mitchell and Anna L. Mitchell (the "Mitchell Case") on February 15, 2006.  In filing the Mitchell Case, Light violated the Orders entered by Judge Stocks in the Warren Case, the Lafemina Case, and the

Kisinger Case, all of which barred Light from practice before this Court until he complied with the Orders entered in each case. Due to such violations of Judge Stocks' Orders, the Bankruptcy Administrator filed the Show Cause Motion on February 24, 2006. This Court entered a Show Cause Order in this case on February 28, 2006.

### 2.  In re Smith, Case No. 06-10159

Light filed a Chapter 7 petition in this Court on behalf of David Smith and Brenda K. Smith (the "Smith Case") on February 21, 2006. In filing the Smith Case, Light violated the Orders entered by Judge Stocks in the Warren Case, the Lafemina Case, and the Kisinger Case, all of which barred Light from practice before this Court until he complied with the Orders entered in each case. Due to such violations of Judge Stocks' Orders, the Bankruptcy Administrator filed the Show Cause Motion on February 24, 2006. This Court entered a Show Cause Order in this case on February 27, 2006.

### 3.  In re Curry, Case No. 06-10236

Light filed a Chapter 13 petition in this Court on behalf of Gracie S. Curry (the "Curry Case") on March 7, 2006. In filing the Curry Case, Light violated the Orders entered by Judge Stocks in the Warren Case, the Lafemina Case, and the Kisinger Case, all of which barred Light from practice before this Court until he complied with the Orders entered in each case. Due to such violations of Judge Stocks' Orders, the Bankruptcy Administrator filed the Show Cause Motion on March 10, 2006. This Court entered a Show Cause Order in this case on March 10, 2006.

### ANALYSIS

As set forth above, Light repeatedly violated orders of both Judge Stocks and this Court

11

and was in violation of Judge Stocks' previous orders when he filed the three cases currently

before this Court.  The issue before the Court is whether the Court should hold Light in contempt

for violating the orders of Judge Stocks and the Court, and if so, what sanction is appropriate.

CIVIL CONTEMPT

Civil contempt is a sanction to enforce compliance with an order of the court or to

compensate for losses or damages sustained by reason of noncompliance.  Since the purpose is

remedial, the intent of the defendant who did the prohibited act does not matter.  In re Walters,

868 F.2d 665, 668 (4th Cir. 1989)(citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191

(1949)).

Section 105(a) of the Bankruptcy Code gives this Court the power to hold Light in civil

contempt.  See id. at 669.  Section 105(a) provides that "the court may issue any order, process,

or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §

105(a).  In Walters, the Fourth Circuit stated that Section 105(a) should be read to give a

bankruptcy court authority to issue any order necessary or appropriate to carry out the provisions

of the Bankruptcy Code.  See id.  The power under Section 105(a) is broad enough to grant the

bankruptcy court the power to utilize civil contempt in order to see that parties comply with

orders and judgments issued by the bankruptcy court.  See id.

In the Fourth Circuit, the burden of proof in a civil contempt proceeding is proof by clear

and convincing evidence and lies with the party seeking relief.  See In re General Motors Corp.,

61 F.3d 256, 258 (4th Cir. 1995).  There is no question that Light violated Judge Stocks' orders in

the Warren Case, the Lafemina Case, and the Kisinger Case when he filed each of the three cases

currently before the Court.  Light was barred from filing any new cases before this Court until he

12

complied with the terms of the orders issued by Judge Stocks in the Warren, the Lafemina, and the Kisinger Cases. Light had not complied with the terms of such orders when he filed the Mitchell, Smith, and Curry Cases.

Light testified that he did not intentionally violate Judge Stocks' orders when he filed the Mitchell, Smith, and Curry cases. Light testified that he left "early" in one or more hearings in the Warren, Lafemina, and Kisinger Cases, and therefore did not know that Judge Stocks had prohibited him from further case filings. He also testified that some of the orders in those cases were not sent to him and that, with respect to those that he did receive, he did not read them. However, when determining civil contempt, the intent of the defendant in committing the acts is immaterial. See In re Walters, 868 F.2d 665, 668 (4th Cir. 1989).

The Court concludes that Light is in civil contempt for violating the terms of the orders issued by Judge Stocks in the Warren, Lafemina, and Kisinger Cases.

SANCTIONS

Having found Light in civil contempt, the Court will now turn to the appropriate sanctions for his actions. The purposes of civil contempt sanctions are to (1) compensate the claimant for losses and expenses it incurred because of the contemptuous conduct; and (2) coerce the contemnor into complying with the court order or injunction. See, e.g., In re Walters, 868 F.2d 665, 668 (4th Cir. 1989); Sizzler Family Steakhouses v. Western Sizzlin Steakhouses, Inc., 793 F.2d 1529, 1534 (11th Cir. 1986).

Light has complied with some of the terms of the orders described above. They required Light to repay to each debtor the attorney fees paid to him, to pay the fees incurred by the Trustee in each case, and to pay civil fines to the Court. In total, Light has paid more than $14,000.00 in

13

sanctions in these matters.  Given the purposes of civil contempt set forth above, this Court finds that such monetary sanctions are sufficient to compensate the debtors and the Trustee and to coerce Light into following the orders issued by this Court.  Thus, no further monetary sanctions will be assessed against Light.

The Bankruptcy Administrator requested that Light pay the Bankruptcy Administrator fees of $1,500.00 to $2,000.00 to compensate the Bankruptcy Administrator for his efforts in bringing and prosecuting the Motions to Show Cause.  The Court finds that Light has paid fines sufficient to address his actions and will not grant this request.

The Bankruptcy Administrator further requested that this Court permanently bar Light from practicing law in this District.  Given Light's substantial albeit belated attempts to comply with the orders of the Court and of Judge Stocks, and considering the purposes of civil contempt, the Court finds this remedy to be too harsh.  Instead, the Court will bar Light from filing any new cases in this Court until he (1) successfully completes eighteen (18) hours of Continuing Legal Education ("CLE") on topics related to the Bankruptcy Code, including at least six (6) hours on the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and (2) files a certificate with this Court certifying, with appropriate documentation attached, that he has completed such CLE hours.  Light shall have through and including December 31, 2006, in which to complete the CLE requirement and to file said certificate with the Court.

<u>CRIMINAL CONTEMPT</u>

The Bankruptcy Administrator requests that the Court find Light to be in criminal contempt and to issue a punitive fine.  Criminal contempt involves the power of the courts to maintain and vindicate the dignity of the courts, which includes the power to punish for

14

disobedience of court orders and, thus, is punitive in nature.  See Feiock v. Feiock, 485 U.S. 624, 626 (1988).  "To support a conviction of criminal contempt for violation of a court order, it must be proved beyond a reasonable doubt, that a person willfully, contumaciously, intentionally, with a wrongful state of mind, violated a decree which was definite, clear, specific, and left no doubt or uncertainty in the minds of those to whom it was addressed."  Richmond Black Police Officers Ass'n v. City of Richmond, 548 F.2d 123, 129 (4th Cir.  1977).  A court's legal conclusion of guilt must be supported by evidence sufficient to prove guilt beyond a reasonable doubt.  See, e.g., U.S. v. Ismail, 97 F.3d 50, 55 (4th Cir. 1996); U.S. v. Bales, 813 F.2d 1289, 1293 (4th Cir. 1987).

Whether a bankruptcy court has the authority to find that a litigant is in criminal contempt is unsettled.  See, e.g., In re Lazy Acres Farm, Inc., 134 F. 3d 371, 375 (Bankr. Ohio 1997)(the bankruptcy courts do not possess the power to impose criminal contempt sanctions); In re Terrebonne Fuel and Lube, Inc., 108 F.3d 609, 612 (5th Cir. 1997)(bankruptcy courts lack the power to hold persons in criminal contempt); In re Ragar, 3 F.3d 1174, 1176 (8th Cir. 1993) (bankruptcy court has the power to enter an order holding an attorney in criminal contempt for violating its prior order).  The Court need not decide whether it has criminal contempt powers at this time because the Court does not find Light's conduct so egregious as to merit criminal contempt sanctions.

<u>CONCLUSION</u>

Light is hereby Ordered to complete eighteen (18) hours of CLE on topics related to the Bankruptcy Code, including at least six (6) hours on the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, by December 31, 2006.  By January 10, 2007, Light shall file

a certificate, with attached documentation, with the Court certifying that he has earned said CLE credit.  Light shall not file any new bankruptcy cases with this Court until he has filed the certificate demonstrating that he has complied with this requirement.

 This memorandum opinion constitutes the Courts' findings of fact and conclusions of law.  A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                                          )
                                                )
MICHAEL E. MITCHELL and                         )
ANNA L. MITCHELL,                               )        Case No. 06-10143
                                                )
    Debtors.                                    )
_____)
                                                )
DAVID SMITH and                                 )
BRENDA K. SMITH,                                )        Case No. 06-10159
                                                )
    Debtors.                                    )
_____)
                                                )
GRACIE SMITH CURRY,                             )        Case No. 06-10236
                                                )
    Debtor.                                     )
_____)

## PARTIES IN INTEREST

| | |
|---|---|
| C. Orville Light, Esquire | David Smith |
| Michael D. West, Esquire | Brenda K. Smith |
| Michael E. Mitchell | Gracie Smith Curry |
| Anna L. Mitchell | |